## THOMAS R. JONES, RESPONDENT, *v.* WILLIAM G. GALIGHER, APPELLANT.

[See *Galigher* v. *Jones*, 129 U. S., 193.]

INTEREST.—MONTHLY RESTS.—EVIDENCE.—Where the evidence in the record is not sufficient to justify the computation of interest upon an account current, by monthly rests, it is error to allow such computation.

APPEAL from a judgment and from an order refusing a new trial of the district court of the third district, Hon. Charles S. Zane, judge.

This cause was originally tried before the court with a jury and judgment found in favor of the defendant. The

plaintiff appealed and the judgment was reversed, and the opinion is found in *Jones* v. *Galigher*, 3 Utah, 54. Thereupon the cause was tried again before Hon. William H. Dickson as referee. An appeal was thereupon taken to the supreme court of the Territory. This judgment was affirmed in the supreme court of the Territory, but no opinion was filed. Thereupon defendant appealed to the Supreme Court of the United States, and the case was reversed in *Galigher* v. *Jones*, 129 U. S. 193. Thereupon the cause was again tried before Hon. Charles S. Zane, judge, without a jury and judgment rendered upon findings. The appeal is from this latter judgment.

The findings of the lower court were lost, but a stipulation was made that the point could be made that the judgment was not supported by the evidence. It nowhere appears in the abstract how the account was made up except the exhibits which showed that interest was computed monthly.

*Mr. Jabez G. Sutherland,* for the appellant.

*Messrs. Bennett, Marshall and Bradley,* for the respondent.

MINER, J.:

This action was brought to recover a balance due the plaintiff on account current for money advanced for the use of the defendant, and for commissions as a broker. The case was tried in the district court, and judgment rendered in favor of the plaintiff for the sum of $2,431.18, principal and interest. From this judgment an appeal is taken to this court.

The principal errors complained of, and the only errors we deem it necessary to consider, are those found in the computation of interest on the balance found due the

plaintiff August 1, 1878.    In making up the account of
the plaintiff against Galigher, which on January 2, 1879,
amounted to $11,946.53, the sum of $661.08 is erroneously
computed as interest on the monthly account computed
with monthly rests.   We find no sufficient evidence in the
record justifying the making of this monthly computation
of interest, and do not think it should be so computed.
Computing interest on the August balance of $9,471.70 to
November 13, 1878, would make $270.93, which, added to
the balance of the Galigher account, would reduce his
debit to $11,412.20.    Galigher's credit, as shown by the
account in proof, amounts to $6,214.25; Galigher admitted
counterclaim, $1,110; admitted damage on Bonanza,
$3,347.25; total, $10,671.50,—leaving a balance due plaintiff
November 13, 1878, of $740.70.    Computing interest on
this sum to the date of judgment,—11 years, 5 months,
24 days,—$846.81, this leaves due the plaintiff the sum of
$1,587.51, for which sum judgment should have been
rendered in his favor.   The judgment as rendered is $843.67
in excess of plaintiff's claim, and should be modified and
reduced to the sum of $1,587.51, and, as thus modified
and reduced, the judgment of the district court stands
affirmed, with costs of this court to the appellant.   Plaintiff
is awarded costs of the lower court.

BARTCH J., and SMITH, J., concurred.